JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Islam Ata

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

## DEFENDANTS

W.W. Grainger, Inc.

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. Sec. 2000e

Brief description of cause:
Discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/08/2026

SIGNATURE OF ATTORNEY OF RECORD: William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1051 Carson Court, Easton, Pennsylvania 18045

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Islam Ata | : | CIVIL ACTION |
| v. | : | |
| W.W. Grainger, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 10/08/2026 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISLAM ATA, | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | |
| W.W. GRAINGER, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Islam Ata, by and through his undersigned counsel, hereby complains against Defendant W.W. Grainger, Inc., and alleges as follows:

**INTRODUCTION**

1. This is an action for employment discrimination and retaliation arising from Defendant's treatment and discharge of Plaintiff, a dark-skinned Egyptian Muslim who worked as an Operations Supervisor at Defendant's Easton, Pennsylvania warehouse.

2. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. § 1981; and, subject to the administrative-exhaustion allegations below, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 et seq.

**PARTIES**

3. Plaintiff Islam Ata is an adult individual residing in Bethlehem, Northampton County, Pennsylvania. Plaintiff also used the name Sabry Ata in workplace communications.

4. Plaintiff was born and raised in Egypt, is of Egyptian and Middle Eastern ancestry, has dark skin, and practices Islam.

5. Defendant W.W. Grainger, Inc. is a corporation with its principal place of business at 100 Grainger Parkway, Lake Forest, Illinois 60045, and operated the warehouse where Plaintiff worked at 1051 Carson Court, Easton, Pennsylvania 18045.

6. At all relevant times, Defendant employed at least fifteen employees for each working day in at least twenty calendar weeks in the current or preceding calendar year and was an employer within the meaning of Title VII. Defendant also employed at least four persons in Pennsylvania and was an employer within the meaning of the PHRA.

## JURISDICTION AND VENUE

7. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and civil-rights jurisdiction under 28 U.S.C. § 1343 over Plaintiff's federal claims.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's PHRA claims because they arise from the same facts as his federal claims.

9. Venue is proper under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in this District and Plaintiff would have continued working in this District but for those practices. Venue is also proper under 28 U.S.C. § 1391(b)(2).

## ADMINISTRATIVE PROCEEDINGS

10. On June 17, 2025, Plaintiff submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") against Defendant, which was dual-filed with the PHRC on that same date, alleging discrimination based on race, color, national origin, and religion, and retaliation. The EEOC assigned Charge No. 530-2025-07129 and the PHRC assigned No. 202402591.

11. The EEOC issued a Notice of Right to Sue on July 10, 2026, which Plaintiff or his counsel received on that same date. This action is filed within ninety days of receipt of that Notice, a true and correct copy of which is attached hereto as **Exhibit A.**

12. The PHRC's exclusive administrative period has expired or otherwise ended, and Plaintiff has satisfied the applicable requirements for a civil action under 43 P.S. § 962(c).

## FACTUAL ALLEGATIONS

13. Defendant hired Plaintiff as an Operations Supervisor on July 29, 2024. Plaintiff supervised hourly warehouse associates at the Easton facility.

14. Plaintiff reported to Matthew Uhlman, Process Manager and Site Leader, and Dean Hutchinson, Senior District Manager. Hutchinson participated in and communicated the decision to discharge Plaintiff.

15. Plaintiff was qualified for his position, performed his responsibilities satisfactorily, received positive verbal feedback, and was not given formal discipline before the December 12, 2024 separation conversation.

16. Plaintiff addressed operational problems, workplace conduct, and safety concerns and documented incidents through emails and Defendant's GEAR system.

17. On October 25, 2024, Hutchinson thanked Plaintiff for documenting a safety incident involving associate Tami Culp, directed that coaching be entered in GEAR, and recommended resetting expectations about the conduct at issue.

18. On October 28, 2024, Hutchinson praised Plaintiff's handling of associates' concerns about paid-time-off balances, writing: "Nice job addressing the teams concerns."

19. During October 2024, Hutchinson repeatedly told Plaintiff that the hourly associate population "does not accept a Muslim leader who is Middle Eastern and has an accent, and we need to figure out a way to resolve this issue."

20. Hutchinson's statements expressly tied associates' rejection of Plaintiff's leadership to Plaintiff's Muslim religion, Middle Eastern background, and accent.

21. Rather than ensuring that Plaintiff could perform his job free from discriminatory hostility, Defendant tolerated the resistance Hutchinson described and subsequently removed Plaintiff from his position.

22. During the first week of December 2024, an associate sarcastically stated that he was "offended a Muslim person played Christmas songs," referring to Plaintiff.

23. Other associates witnessed the remark. Plaintiff reported the incident to Uhlman and Human Resources, and Uhlman and Human Resources investigated it.

24. Plaintiff's report communicated an objection to an expressly anti-Muslim workplace remark directed at him. Plaintiff reasonably and in good faith believed that he was opposing religious discrimination in the workplace.

25. Despite notice and an investigation, Defendant did not discipline the associate for the anti-Muslim remark. Plaintiff continued to experience the hostility described above without meaningful corrective action.

26. Before the December 12, 2024 discharge decision, Hutchinson knew of Plaintiff's report of the anti-Muslim remark because Plaintiff told him about it.

27. Plaintiff also raised concerns about Uhlman's disengagement, deficient leadership, and the facility's workplace culture. These operational complaints supply context for Plaintiff's

employment and discharge; his opposition to discrimination included the report of the expressly anti-Muslim remark described above.

28. Hutchinson acknowledged problems with Uhlman's performance and discussed the possibility of removing Uhlman and considering Plaintiff for the site-leader role. Hutchinson asked Plaintiff to prepare a business plan for that potential transition.

29. Defendant retained Uhlman, who is white, despite the performance and leadership deficiencies Plaintiff reported and Hutchinson acknowledged.

30. Plaintiff documented misconduct by hourly associates and requested management and Human Resources assistance. For example, on November 22, 2024, Plaintiff reported Michael King's repeated use of profanity about coworkers and a confrontational discussion about job rotations.

31. On November 27, 2024, Uhlman advised Hutchinson that a Human Resources ticket had been submitted concerning King, with GEAR entries attached, and that Uhlman recommended a minimum written warning.

32. On December 9, 2024, Plaintiff reported another incident involving King, arising on December 5, in which Plaintiff intervened to de-escalate a heated dispute between King and another employee.

33. These communications show that Defendant received contemporaneous documentation of workplace problems and addressed them through its coaching and disciplinary processes, while Plaintiff received no disciplinary warning before his separation.

34. On December 12, 2024, approximately one week after Plaintiff reported the anti-Muslim remark to Human Resources and informed Hutchinson of the same, Hutchinson told Plaintiff that Defendant was discharging him because he was "not a good fit."

35. During that conversation, Hutchinson told Plaintiff that the separation was not based on his performance or a violation of company policy.

36. Defendant offered to continue Plaintiff's employment through the end of 2024, followed by five weeks of compensation continuation, as its subsequent December 20, 2024 letter described.

37. Defendant had therefore communicated its decision to discharge Plaintiff before the file deletion it subsequently invoked as a basis for ending his employment and pay immediately.

38. On or about December 14, 2024, after that separation conversation, Plaintiff deleted files from a Teams channel he used. Plaintiff acknowledges deleting files, but maintains that they were his own notes, drafts, Excel files, and trackers that he had created, rather than proprietary materials created or supplied by others.

39. Plaintiff disputes Defendant's characterization of those deletions as malicious misconduct. His position was that he had removed his own materials, and he explained that position to Hutchinson and Human Resources.

40. On or about December 17, 2024, Defendant invoked the file deletion to rescind its offer to continue Plaintiff's pay through January 2025 and accelerate the termination of his employment and pay.

41. On December 20, 2024, Defendant sent Plaintiff a letter stating that, because of alleged unauthorized file deletion, it was terminating his employment effective December 19, 2024 and rescinding its offer of continued employment through 2024 followed by five weeks of compensation continuation.

42. Plaintiff sought an internal appeal. On December 20, 2024, he advised Thompson that he considered Defendant's actions discriminatory and retaliatory and reiterated his explanation of the deleted materials.

43. On January 13, 2025, Plaintiff requested a fair investigation from senior executives Rob Reynolds and Kristofer Ozga. He identified himself as a minority leader and expressed concern that his background had made him a target.

44. On January 24, 2025, Yesenia Navarrete, Manager of Team Member Relations, denied Plaintiff's appeal. She stated that the decision was consistent with Defendant's policies and practices based on Plaintiff's performance and behavior and that the deleted files were company property based on their content and location.

45. Hutchinson's repeated statements about employee rejection of Plaintiff's Muslim religion, Middle Eastern background, and accent; the tolerated anti-Muslim remark; the absence of prior discipline; the positive feedback; the contemplated advancement; and the timing and explanations for discharge support the inference that Defendant acted because of Plaintiff's protected characteristics and opposition to discrimination.

46. Plaintiff's race and Egyptian/Middle Eastern ancestry were but-for causes of the discharge. Plaintiff's race, color, national origin, and religion were also motivating factors in Defendant's adverse employment decisions.

47. But for Plaintiff's report opposing the anti-Muslim remark, Defendant would not have discharged him as it did. Plaintiff alleges retaliatory causation based on the close timing, the decisionmakers' knowledge as confirmed above, and the circumstances surrounding the separation.

48. The repeated identity-based statements and tolerated anti-Muslim hostility caused Plaintiff distress and impaired his ability to work in an environment where his authority as a supervisor was accepted.

49. As a direct and foreseeable result of Defendant's conduct, Plaintiff lost compensation, employment benefits, and employment opportunities and suffered emotional distress, humiliation, and injury to his dignity, in amounts to be established at trial.

## COUNT I
## TITLE VII — DISCRIMINATION
## Race, Color, National Origin, and Religion

50. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff is protected by Title VII based on his race, dark skin color, Egyptian national origin, and Muslim religion. Defendant knew these characteristics.

52. Defendant discharged Plaintiff and withdrew the previously offered continuation of pay because of those protected characteristics, in violation of 42 U.S.C. § 2000e-2(a)(1).

53. Plaintiff's protected characteristics were motivating factors in these decisions, and Plaintiff alleges that the decisions would not have occurred in the absence of the discrimination.

54. Defendant acted intentionally, with malice or reckless indifference to Plaintiff's federally protected rights, and caused the injuries described above.

**WHEREFORE**, Plaintiff requests judgment against Defendant and the relief set forth in the Prayer for Relief below, to the extent available under this Count.

## COUNT II
## TITLE VII — RETALIATION

55. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

56. Plaintiff engaged in protected opposition when he reported the expressly anti-Muslim remark to management and Human Resources before his discharge. He reasonably believed the conduct he opposed violated Title VII.

57. Defendant knew of that protected opposition through the managers and Human Resources personnel who received and investigated the report and the involved decisionmakers identified above.

58. Defendant thereafter discharged Plaintiff and withdrew the continuation of pay, actions that would dissuade a reasonable worker from making or supporting a discrimination complaint.

59. Plaintiff's protected opposition was a but-for cause of Defendant's materially adverse actions, in violation of 42 U.S.C. § 2000e-3(a).

60. Defendant's intentional retaliation caused Plaintiff's injuries and was undertaken with malice or reckless indifference to his federally protected rights.

**WHEREFORE**, Plaintiff requests judgment against Defendant and the relief set forth in the Prayer for Relief below, to the extent available under this Count.

**COUNT III**
**42 U.S.C. § 1981 — RACE AND ANCESTRY DISCRIMINATION**

61. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

62. Plaintiff possessed a contractual employment relationship with Defendant and was entitled to the same rights to make and enforce that relationship as white employees, including the enjoyment of its terms, benefits, and conditions.

63. Defendant intentionally discriminated against Plaintiff because of his race and Egyptian/Middle Eastern ethnic ancestry by discharging him and depriving him of the benefits of his employment relationship.

64. This Count rests on discrimination because of race and ethnic ancestry, rather than religion or national origin alone. The references to Plaintiff's Middle Eastern background, considered with the other facts alleged, reflect ancestry-based discriminatory treatment.

65. But for Defendant's discrimination based on Plaintiff's race and ethnic ancestry, Plaintiff would not have suffered the challenged discharge and loss of employment benefits.

66. Defendant violated 42 U.S.C. § 1981, caused Plaintiff's injuries, and acted with malice or reckless indifference to his federally protected rights.

**WHEREFORE**, Plaintiff requests judgment against Defendant and the relief set forth in the Prayer for Relief below, to the extent available under this Count.

## COUNT IV
## PHRA — DISCRIMINATION
## Race, Color, National Origin, Religious Creed, and Ancestry

67. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

68. Plaintiff is protected under the PHRA because of his race, color, national origin, religious creed, and ancestry.

69. Defendant discharged Plaintiff and denied him employment benefits because of these protected characteristics, in violation of 43 P.S. § 955(a).

70. Defendant's intentional discrimination caused the injuries described above.

**WHEREFORE**, Plaintiff requests judgment against Defendant and the relief set forth in the Prayer for Relief below, to the extent available under this Count.

## COUNT V
## PHRA — RETALIATION

71. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

72. Plaintiff engaged in protected activity by opposing the expressly anti-Muslim workplace remark and reporting it to management and Human Resources, and Defendant knew of that activity.

73. Because of Plaintiff's protected opposition, Defendant discharged him and withdrew its offer to continue pay. Plaintiff's protected activity was a but-for cause of those decisions.

74. Defendant thereby violated 43 P.S. § 955(d) and caused Plaintiff's injuries.

**WHEREFORE**, Plaintiff requests judgment against Defendant and the relief set forth in the Prayer for Relief below, to the extent available under this Count.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendant and award:

A. A declaration that Defendant violated Plaintiff's rights under the statutes identified above;

B. Back pay, lost benefits, and other recoverable economic losses, with prejudgment interest;

C. Reinstatement or, in lieu of reinstatement where appropriate, front pay;

D. Compensatory damages, including damages for emotional distress, humiliation, and loss of dignity, as authorized by the applicable statutes;

E. Punitive damages under Title VII and 42 U.S.C. § 1981, to the extent authorized by law;

F. Appropriate equitable relief to remedy the discriminatory and retaliatory practices affecting Plaintiff;

G. Reasonable attorneys' fees and costs under 42 U.S.C. §§ 2000e-5(k) and 1988 and 43 P.S. § 962(c.2), as applicable;

H. Postjudgment interest and such other relief as the Court deems just and proper, without duplicative recovery.

**JURY DEMAND**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury for all claims and issues so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

Dated: October 8, 2026

BY: */s/ William P. Mansour*

William P. Mansour, Esquire
Pa. Attorney ID No. 318833
961 Marcon Blvd., Suite 425
Allentown, PA 18109
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Islam Ata